```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          EUGENE DIVISION


DORIS SMITH,                   )
                               )
          Plaintiff,           )   Case No. 09-350-HO
                               )
     v.                        )   ORDER
                               )
MICHAEL J. ASTRUE,             )
Commissioner Social Security,  )
                               )
          Defendant.           )
_____)
```

## Introduction

Plaintiff, Doris Smith, brings this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the Commissioner's final decision denying her application for disability insurance benefits. [#19]. On September 1, 2004, plaintiff filed an application for disability insurance benefits alleging that she was disabled, beginning April 1, 2003, due to breast cancer with post-treatment residuals of fatigue, rash, hand numbness, and a

1 - ORDER

history of depression. [Tr. 84, 113]. On June 28, 2007, after an administrative hearing, an ALJ determined that plaintiff is not disabled. [Tr. 15-22]. Thereafter, the ALJ's decision became the Commissioner's final decision when on February 25, 2009, the Appeals Council denied Plaintiff's request for review. [Tr. 5-7]. Plaintiff's earning record shows that she is insured through September 30, 2005 and must therefore establish disability on or before that date to be entitled to benefits. [Tr.15, 17].

On review, plaintiff contends that the ALJ erred by (1) rejecting plaintiff's testimony without applying the mandated credibility analysis; (2) rejecting the opinions of physicians without providing reasons other than his own speculation about plaintiff's future improvement; (3) improperly determining plaintiff's residual functional capacity (RFC); (4) finding plaintiff capable of performing her past work without performing the mandatory SSR 82-62 analysis of her past jobs; and (5) making an alternative Step five finding which plaintiff claims lacks support in the record. [#19, 24].[1]

After reviewing the record, I find that the record is inadequate to properly evaluate whether plaintiff's testimony is

---

[1]As further findings are required to develop the record on the Listing issue, this Order will not discuss the other assignments of error pertaining to plaintiff's RFC and ability to work past jobs.

2 - ORDER

properly discredited and whether her impairments met a Listing. Furthermore, there are gaps in the evidence that require development. Accordingly, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## Discussion

Plaintiff contends that the ALJ improperly rejected her testimony and argues that the ALJ erroneously substituted his own judgment regarding her credibility. [#19-pp.10-16]. In doing so plaintiff alleges that the ALJ ignored her stated reasons for not seeking counselling treatment for her depression, speculated on her future ability to work, and failed to set forth his own interpretations and explanations for discounting the medical experts' opinions. *Id.* In plaintiff's view, this case should be remanded for award of benefits or alternatively for a new hearing in which the ALJ would order a psychological assessment, re-assess the medical evidence, plaintiff's credibility and RFC. [#19-p.20; #24-p.6].

Alternatively, the Commissioner contends that the ALJ properly discredited plaintiff's subjective complaints upon finding that the medical record did not support the level debilitating limitation she claimed. [#20-pp.5-8]. Similarly the Commissioner submits that the ALJ's consideration of the medical record gave him substantial evidence upon which to determine that plaintiff's condition should steadily improve.

3 - ORDER

[#20-p.8, Tr. 20].

I do not agree. The ALJ during the June 28, 2007, hearing noted that plaintiff's medical record was silent with regard to her primary health care provider, Dr Thompson's records. [Tr.471-72]. The record indicates that plaintiff's attorney agreed to provide those records *Id.* However those records are not part of the relevant record considered by the ALJ. Additionally, the ALJ while acknowledging Drs. Davidoff and Kehrli's findings that indicated an RFC inconsistent with light work, rejected them without sufficient explanation or supporting evidence.

Finally, despite plaintiff's request for a psychological evaluation, one was not ordered. Thus the ALJ's conclusory statements about the limitations of plaintiff's depression are not supported by substantial evidence in the record.

Based on the evidence, the ALJ found that plaintiff did not have "an impairment or combination of impairments that meets or medically equals" a Listing at step four of the sequential evaluation process. [Tr. 18]. However, I find the record is underdeveloped to adequately make a properly supported finding on the Listing issue.[2]

---

[2] At step three, the ALJ found that plaintiff had the following severe combination of impairments: "s/p breast cancer, right side, s/p chemotherapy/radiation (JUly22, 2004 to September 8, 2004) with continue [sic] residuals of weakness, sweats, fatigue, joint pain, rashes, hand numbness etc and s/p hysterectomy (November 7, 2004) and depression". [Tr.17]. To support his finding, the ALJ provided a summary of plaintiff's medical history

4 - ORDER

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly. *Widmark v. Barnhard,* 454 F.3d 1063, 1068 (9th Cir. 2006). This duty is "triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-460 (9th Cir. 2001). While the conclusion of a non-examining physician is accorded less weight than the conclusion of an examining physician, *Pitzer v. Sullivan,* 908 F.2d 502, 506 n.4 (9th Cir. 1990), the ALJ has a duty to resolve conflicting medical evidence. *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002).

Furthermore, this court has the discretion to remand a case for either additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9 Cir. 1996). This court will remand a case for further proceedings if it is necessary to remedy defects in the original administrative proceeding. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Thus, a court's decision to reverse a case, except in rare circumstances, is generally for additional investigation or explanation. *Benecke v. Barnhard*, 379 F.3d 587, 595 (9th Cir. 2004).

On remand, the ALJ shall order a psychological evaluation of plaintiff and obtain plaintiff's complete medical records.

---

up to 2004. [Tr. 17-18].

5 - ORDER

Subsequent to completion of those tasks, the ALJ shall develop the record to adequately reassess and evaluate the following key issues: (1) what plaintiff's updated medical records[3] reveal individually and in combination, about her alleged disabling impairments; (2) what the psychological evaluation of plaintiff's alleged depression reveals and (3) what her RFC and resulting ability to work is, based on the sum of her medical evidence. In addition, the ALJ shall also evaluate plaintiff's credibility using the test articulated in *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The ALJ shall issue a new decision after fully developing the record as described above.

## **Conclusion**

Based on the foregoing, this case is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this   8th   day of June , 2010.


       s/ Michael R. Hogan
     UNITED STATES DISTRICT JUDGE

---

[3] Particularly considering those records obtained from her primary health care provider, Dr. Thompson.

6 - ORDER